IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**LONNIE K. CRANE,**

       **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　Case No. 3:19-cv-00421

**CLIFTON R. HUDSON, PH.D.,**

       **Defendant.**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

On May 31, 2019, Plaintiff Lonnie K. Crane, proceeding *pro se*, and then in custody at the William R. Sharpe Jr. Hospital, filed a complaint against the defendant under 42 U.S.C. § 1983. (ECF No. 3.). Currently pending is the defendant's Motion to Dismiss. (ECF No. 11). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

Having thoroughly reviewed the allegations of the Complaint and the arguments in the Motion to Dismiss, the undersigned **FINDS** that the defendant is absolutely immune from liability in this case. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings; **GRANT** the Motion to Dismiss, (ECF No. 11); **DISMISS** the complaint, (ECF No. 3), with prejudice; and **REMOVE** this matter from the docket of the Court.

I.  **Relevant Background**

In the complaint, Plaintiff alleges that the defendant altered government-approved software for the purpose of depriving Plaintiff and other individuals of their freedom. (ECF No. 3 at 5). Plaintiff states that the defendant performed a mental competency evaluation on Plaintiff, the process and results of which were troubling to him. (ECF No. 3-1). Specifically, Plaintiff complains that the defendant used a software program, called the Personal Assessment Inventory, which the defendant altered, causing results that were biased and prejudiced. (*Id.*). The defendant then improperly used the tainted results to support his expert opinions, which were submitted to the judge in Plaintiff's criminal case. Based on the defendant's report, the judge ordered that Plaintiff be taken to the William R. Sharpe Jr. Hospital. (*Id.*) Plaintiff asserts a violation of his constitutional rights; in particular, his right to due process. For relief, Plaintiff asks that the Court require the defendant to "spend some time in jail" and pay money damages to Plaintiff in the amount of $100,000. (*Id.* at 5-6).

On August 20, 2019, the defendant filed a Motion to Dismiss and supporting memorandum. (ECF Nos. 11, 12). The defendant states that he was a court-appointed evaluator in Plaintiff's criminal case. As such, he is entitled to absolute immunity from Plaintiff's § 1983 claim. Moreover, the defendant contends that Plaintiff's due process rights were not violated; consequently, Plaintiff fails to state a plausible claim that would entitle him to relief. (ECF No. 11).

In the supporting memorandum, the defendant explains that he was appointed by Judge Paul T. Farrell, Circuit Court of Cabell County, West Virginia, to evaluate Plaintiff's competency to stand trial. (ECF No. 12 at 3). The defendant provides a copy of the Order issued by Judge Farrell, showing that the defendant was instructed to conduct a forensic

examination of Plaintiff, review various records that the State of West Virginia was ordered to provide to the defendant, and collect and review any psychiatric records of Plaintiff needed to complete the evaluation.[1] (ECF No. 12-1). The defendant was further tasked by Judge Farrell to issue a written and signed report of the examination and findings, which was to be provided to the clerk of court and distributed to the court and attorneys of record. (*Id.*).

In addition to the argument that he is entitled to absolute immunity, the defendant contends that Plaintiff's complaint fails to state a plausible claim under 42 U.S.C. § 1983, because the complaint is based upon a misunderstanding of the defendant's report. (ECF No. 12 at 5). The defendant asserts that he did not alter the software used during the evaluation, nor did he change the test results. (*Id.*). Finally, the defendant argues that Plaintiff's due process rights were not violated, because the competency evaluation was requested by Plaintiff's counsel and was conducted within the context of a judicial proceeding. Consequently, Plaintiff's right to notice and an opportunity to be heard after completion of the report was preserved. (*Id.* at 3-4).

On August 20, 2019, the Court issued an Order giving Plaintiff through and including September 13, 2019 in which to respond to the Motion to Dismiss. (ECF No.

---

[1] When considering a motion to dismiss, the court may "pierce the veil of the complaint's factual allegations [and] apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." *Massey v. Wriston*, No. 2:13-CV-08842, 2016 WL 5172811, at *4 (S.D.W. Va. Sept. 21, 2016) (citations omitted); *see also Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that a court may take judicial notice of the contents of court documents and items in the public record); *and* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("The court is not limited to the four corners of the complaint, however. Numerous cases ... have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment. These matters are deemed to be a part of every complaint by implication.") (footnote omitted).

13). Plaintiff did not file a memorandum in opposition to the Motion within the requisite time and has not filed one as of the date of these proposed findings and recommendations.

## II. Standard of Review

The defendant has moved for dismissal under Rule 12(b)(6). The purpose of Rule 12(b)(6) motion "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *also Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). As such, the Court assumes that the facts alleged in the complaint are true and draws all reasonable inferences in Plaintiff's favor as the nonmoving party. *Burbach*, 278 F.3d at 405–06. "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged.'" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)) (emphasis omitted).

While the court considers the facts in the light most favorable to the plaintiff, the court is not required to "accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state

4

a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Nevertheless, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient to "give the defendant fair notice" of what the claim is and "the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Generally, a complaint should not be dismissed on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 46 (1957).

Plaintiff filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  Discussion

Although the defendant provides three grounds for dismissal of the complaint, the Court need only focus on one of them, because the defendant's absolute immunity from liability in this case is well established and unquestionable. The rule of absolute immunity

5

arises from the common law and is based on compelling public policy considerations. *Imbler v. Pachtman,* 424 U.S. 409, 417 (1976). In legal matters, the rationale behind the rule of absolute immunity is that judicial officers performing activities that are intimately associated with the judicial phase of criminal or civil proceedings must be free to fulfill their functions without harassment or intimidation. *Butz v. Economou,* 438 U.S. 478, 511-12 (1978); *also McCray v. Maryland,* 456 F.2d 1, 3 (4th Cir. 1972) (holding that absolute judicial immunity "is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. The rule is tolerated not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.") (internal citations omitted).

The absolute immunity provided to judicial officers extends to other participants who play an integral role in judge-supervised proceedings; such as, witnesses, parties, and jury members. *Briscoe v. LaHue,* 460 U.S. 325, 335-36 (1983). Similarly, individuals who function as an arm of the court are entitled to absolute immunity from litigation for actions taken in the exercise of their discretionary duties. *McCray*, 456 F.2d at 3 (holding that the absolute immunity of "quasi-judicial" officers "derives, not from their formal association with the judicial process, but from the fact that they exercise a discretion similar to that exercised by judges."); *also Vernon v. Rollins-Threats*, No. CIV.A.3:04CV1482BFP, 2005 WL 3742821, at *4–5 (N.D. Tex. Nov. 2, 2005) ("When judges delegate their authority or appoint others to perform services for the court, the judge's absolute judicial immunity may extend to his or her delegate or appointee.") (citation omitted). "The determination of whether absolute immunity should be extended

rests on an analysis of 'functional categories, not on the status of the defendant.'" *Williams v. Rappeport*, 699 F. Supp. 501, 507 (D. Md. 1988), *aff'd sub nom. Williams v. Dvoskin*, 879 F.2d 863 (4th Cir. 1989) (quoting *Briscoe,* 460 U.S. at 342).

Here, the defendant was ordered by the court to perform a psychological evaluation in a criminal proceeding. "Professionals appointed by a judge to assist the judge in evaluating individuals involved in a lawsuit before the court do perform discretionary functions within the judicial process." *Williams*, 699 F. Supp. at 507. Plaintiff's claims against the defendant relate entirely to the defendant's forensic examination and subsequent report, both of which were completed at the request of the court and were for the purpose of assisting the court in determining Plaintiff's competency to stand trial.

Thus, in this case, the defendant functioned as an arm of the court, performing discretionary duties essential to the judicial phase of the criminal proceeding. Consequently, the defendant is entitled to absolute immunity. *Harden v. Green*, 27 F. App'x 173, 177 (4th Cir. 2001) ("[C]ourt-appointed psychiatrists are entitled to absolute judicial and witness immunity for their conduct in completing competency exams and furnishing written reports."); *see also Cooney v. Rossiter,* 583 F.3d 967, 970 (7th Cir. 2009) ("[C]ourt-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction."); *Martinez v. Roth*, 53 F.3d 342, 1995 WL 261127, at *3 (10th Cir. 1995) ("As a court-appointed evaluator assisting the court in determining the best interests of the children, Roth's actions are best characterized as within her normal duties and 'integral to the judicial process.'") (unpublished); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (finding that prison doctor who performed a psychiatric examination on an inmate at the request of

the court had absolute judicial and witness immunity) *Moses v. Parwatikar*, 813 F.2d 891, 892 (8th Cir. 1987) (court-appointed psychiatrist entitled to absolute judicial and witness immunity for performance of quasi-judicial function in conducting a competency evaluation); *Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990) (holding that a psychologist was entitled to absolute immunity for complying with court's order to admit a juvenile to a state psychiatric facility); *Pierson v. Members of Delaware County*, No. 99-3435, 2000 WL 486608, at *4 (E.D. Pa. April 25, 2000) ("Dr. Wiesner made his [competency] evaluation at the request of the court, and his report was furnished to the court. Dr. Wiesner was thus functioning as an arm of the court, and as an integral part of the judicial process he is protected by the same judicial immunity that protects the judge who requested the evaluation."); *Hunter v. Clark*, No. 04-CV-0920SC, 2005 WL 1130488, at *2 (W.D.N.Y. May 5, 2005) (dismissing a § 1983 claim against court-appointed psychiatrists who found the plaintiff incompetent to stand trial); *Phillips v. Singletary,* 350 F. Supp. 297, 300 (D.S.C. 1972) (holding that county physician who examined the plaintiff at the request of the court was afforded the same immunity as other quasi-judicial officers); *Johnson v. United States,* 547 F.2d 688, 693 n. 36 (D.C. Cir. 1976) (finding a physician who participated in commitment proceedings to be immune from litigation); *Hughes v. Long,* 242 F.3d 121, 127–28 (3d Cir. 2001) (concluding that a physician functions as an arm of the court when he completes an examination and writes a report at the request of the court; thus, he is entitled to absolute immunity.).

Although the absolute immunity defense is fatal to Plaintiff's complaint, the undersigned briefly addresses the other two grounds raised by the defendant. Defendant argues that, to the extent Plaintiff suggests that the defendant tainted the evaluation results by altering the software used in the competency evaluation, Plaintiff fails to supply

8

enough factual allegations to state a plausible claim. The undersigned agrees. Plaintiff provides no support for his contention that the testing results were biased and prejudicial other than a statement allegedly contained in the defendant's report about "altering" the personality assessment software. The defendant asserts in his supporting memorandum to the Motion to Dismiss that Plaintiff has simply misunderstood the meaning of that statement. According to the defendant, Plaintiff refers to a paragraph that is included in every competency examination report, which explains "Defendant's efforts to fulfill his ethical obligations and check the interpretation of the software to make any modifications if necessary." (ECF No. 12 at 5). Although given an opportunity to refute the defendant's explanation, Plaintiff did not file an opposing brief or otherwise contest the defendant's assertion. Furthermore, Plaintiff includes no factual allegations in his complaint to support his conclusory statement that the alleged "alteration" affected the results of the mental competency examination. Accordingly, Plaintiff's complaint is simply insufficient to state a plausible claim on this ground. *See Inko-Tariah v. N. Carolina Relay Serv.*, No. 5:18-CT-3009-FL, 2018 WL 4905012, at *3 (E.D.N.C. Oct. 9, 2018).

Similarly, Plaintiff fails to state a procedural due process claim, because, as the defendant points out, the report was generated as part of a proceeding to determine Plaintiff's competence to stand trial. The criminal case against Plaintiff was an adversarial process, which included "the rights to depose a court-appointed mental health expert and to challenge the expert's qualifications. Additionally, the process include[d] the right of cross-examination and the opportunity to bring to the judge's attention any alleged deficiencies in the evaluation ... to seek appellate review or ... request a modification of the [trial court's] order." *Vernon,* 2005 WL 3742821, at *4–5 (internal markings and citation omitted). Plaintiff's counsel certainly could have challenged the results of the

9

evaluation and the test scores and findings underlying the defendant's report. Ultimately, the court made the determination as to whether Plaintiff was competent to stand trial, and Plaintiff's counsel could have challenged that determination by motion or appeal. Accordingly, Plaintiff received all of the procedural safeguards provided by due process of law. *Fuentes v. Shevin,* 407 U.S. 67, 80 (1972) ("For more than a century the central meaning of procedural due process has been clear: Parties whose rights are to be affected are entitled to be heard … It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner.") (internal markings and citations omitted).

Therefore, the undersigned firther **FINDS** that Plaintiff's complaint fails to state a claim against the defendant.

## IV. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge accept the proposed findings; **GRANT** the Motion to Dismiss of the defendant, (ECF No. 11); **DISMISS** the complaint, (ECF No. 3),with prejudice; and **REMOVE** this matter from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Plaintiff and counsel of record.

**FILED:** September 23, 2019

Cheryl A. Eifert
United States Magistrate Judge